PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| **United States District Court** | District | 4:18 CV 2496 |
|---|---|---|

| Name Terence W. Parker | Prisoner No. #673-669 2018 CR 548 | Case No. |
|---|---|---|

Place of Confinement

Marion Correctional Inst.

JUDGE BOYKO

MAG. JUDGE PARKER

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Terence Parker | |

V.

The Attorney General of the State of: Ohio

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Mahoning County common pleas
   120 Market St, Youngstown, OH 44502

2. Date of judgment of conviction  9/16/2015

3. Length of sentence  12 ½ years

4. Nature of offense involved (all counts)  Robbery 2911.02 (A)(1)(B),
   Robbery 2911.02 (A)(2)(B), Intimidation of witness 2921.04
   (B)(2)(D), Menacing by stalking 2903.211 (A)(1)(B)(2)(e),
   Disrupting Public Services 2909.04 (A)(1)(C)

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☐
   (c) Nolo contendere  ☐     N/A

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court _(7ᵗʰ Dist.)_

(b) Result _~~Afferu~~ Denied_

(c) Date of result and citation, if known _June 16, 2017._

(d) Grounds raised _See attach Documents "(not enough room)_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _N/A_

(2) Result _N/A_

(3) Date of result and citation, if known _N/A_

(4) Grounds raised _N/A_

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _N/A_

(2) Result _N/A_

(3) Date of result and citation, if known _N/A_

(4) Grounds raised _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ☑ No

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _SuPREME COURT oF OHIO_

(2) Nature of proceeding _____

(3) Grounds raised _See attach Documents "(not enough room)_

(3)

9. If you did appeal, answer the following:

(A) Name of court, (7th Dist.)

(B) Result, Denied

(C) Date of result and citation, if known June 16, 2017

(D) Grounds raised,

#1
Appellant's convictions for Robbery as contained in counts 4 and 5 were based on insufficient evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/or inflicted harm thereby requiring reversal.

#2
Appellant's conviction for Robbery as contained in counts 4 and 5 were against the manifest weight of the evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/or inflicted harm thereby requiring reversal.

#3
Appellant's convictions for Aggravated Menacing and Robbery (under either count 4 or 5) are allied offenses of similar import thereby depriving the trial court from imposing a sentence on both counts pursuant to R.C. 2941.25.

#4 The convictions for Robbery (under either count 4 or 5) and Disrupting Public Services are allied offenses of similar import thereby depriving the trial court from imposing a sentence on both counts pursuant to R.C. 2941.25.

#5 Appellant was denied the effective assistance of counsel in that counsel failed to argue for merger of Disrupting Public Service and/or Menacing by Stalking with the convictions for Robbery.

#6 The conviction of intimidation of a witness was based on insufficient evidence as the State offered no proof that a criminal action was pending at the time of the alleged threat or that a threat was made and/or attempted.

#7 The conviction for intimidation of a witness was against the manifest weight of the evidence as there is no allegation of a threat being made against the witness.

#8 →

Appellant was prejudiced by joinder of the Menacing by Stalking Count with all other Counts as this permitted the State to introduce evidence of Appellant's criminal history without Appellant testifying.

11. If your answer to 10 was "yes" give the following info:
(a) (1) Name of court  Supreme Court of Ohio
(2) Nature of proceeding  MEMORADUM IN SUPPORT OF JURISDICTION
(3) Grounds raised  Where defense counsel ineffectively
(1) allowed a breakdown in the adversarial testing process by and through allowing Appellant's convictions for Robbery as contained in counts 4&5, were based on insufficient evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/or inflict harm thereby requiring reversal.

(2) Where defense counsel ineffectively allowed a breakdown in the adversarial testing process by and through allowing Appellant's convictions for Robbery as contained in Counts 4&5, were against the manifest weight of the

evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/ or inflict harm thereby requiring reversal.

(3) Where defense counsel ineffectively allowed a breakdown in the adversarial testing process by and through allowing Appellant's convictions for Aggregated Menacing and Robbery (under counts 4&5) are allied offenses of similar import thereby depriving the trial court from imposing a sentence on both counts pursuant to R.C. 2941.25 requiring reversal.

(4) Where defense counsel ineffectively allowed a break down in the adversarial testing process by and through allowing Appellant's convictions for Robbery as contained in counts 4&5, disrupting Public Services are allied offenses of similar import thereby depriving the trial court from imposing a sentence on both counts pursuant to R.C. 2941.25 requiring reversal.

(5) Where defense counsel ineffectively allowed a breakdown in the adversarial testing process by and

through allowing Appellant's conviction of intimidation of a witness was based on insufficient evidence as the State offered no proof that a criminal action was pending at the time of the alleged threat or that a threat was made and/or attempted?

(6) Where defense counsel ineffectively allowed a breakdown in the adversarial testing process by and through allowing Appellant's convictions for intimidation of a witness to be against the manifest evidence as there is not a allegation of a threat or that a threat was made against the witness?

(7) Where defense counsel ineffectively allowed a breakdown in the adversarial testing process by and through allowing Appellant to be prejudiced by the joinder of Menacing by Stalking Count with all the other counts as this permitted the State to introduce evidence of Appellant's criminal history without testifying.

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result ___N/A___

(6) Date of result ___N/A___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___N/A___

(2) Nature of proceeding ___N/A___

(3) Grounds raised ___N/A___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result _____

(6) Date of result ___N/A___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐  No ☑
(2) Second petition, etc.    Yes ☐  No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___N/A___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: *See ATTached pages "(Not enough room)"*

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

A. Ground one: Petitioner Constitutional rights of the 6th and 14th Sec.1 Amendment clauses were violated. The conviction for Robbery as contained in counts 4 and 5 were based on manifest weight/ insufficient evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/or inflicted harm.

Petitioner incorpurates by reference here, manifest weight of evidence for counts 4 and 5 violations of R.C. 2911.02 (A)(1)(B), R.C. 2911.02 (A)(2)(B) (Robbery), and Insuffient evidence. With respect to manifest weight of evidence to counts 4 and 5 Robbery was the Damaging of the cell phone not a theft and the taking of the cash was not done by force/threat or was in the possession of a weapon. Pettioner further states that under the manifest weight standard the evidence produced at trial does not contain sufficient evidence that a Robbery occurred. Now pursuant to insufficient evidence, there are two grounds cited by the State relative to this case that could make it a Robbery. First is the supposed "Theft" of Gregory's phone.

Second is the theft of Gregory's cash. When these two instances are examined, however, it is clear that at the time the phone was taken/smashed there was no theft offense being committed. And, at the time the cash was taken, there was no threat of harm or possession of a weapon. As such, there is no concurrence of threat or harm/infliction of harm/possession of a weapon and a theft offense thereby defeating the convictions of theft.

B. Ground two: Pursuant to the Sixth Amendment to the United States Constitution and Art I, §10 of the Ohio Constitution, a criminal defendant has a right to confront witnesses against him.

On this claim petitioner has procedurally defaulted his federal claims in state court, so habeas review of this claim is barred "unless Petitioner can demonstrate cause for default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Buell, 274 F. 3d at 348 (quoting Coleman, Sc1 U.S. at 750); Davie V. Mitchell, 324 F. Supp. 2d 862, 870 (N.D. ohio 2004), aff'd, 547 F.3d 297 (cth Cr. 2008). Cert. denied, 588 U.S. 996 (2009).

Petitioner would now like to demonstrate to this
court the cause for default. Petitioner trial counsel
was ineffective for not exercising Petitioner Sixth
Amendment right to confront Mr. Tracey Smelly about
the allege crime to which he witness. Appeal Counsel
was also ineffective for not challenging this specific
issue instead Appeal counsel argued the conviction of
intimidation of a witness was based on insufficient
evidence as the State offered no proof that a criminal
action was pending at the time of the alleged
threat or that a threat was made and/or attempted.
If Petitioner trial counsel would of exercised the care
and skill of a competent attorney he would of called
Mr. Tracey Smelley as a witness and/or had all
evidence suppressed that supported Mr. Tracey Smelley
to this alleged crime.
In result of this error by trial counsel, the Petitioner
was serious prejudice, by Melinda Gregory testimony
regaurding intimidation of witness Tracey Smelley,
which the prosecutor Amended prior to trial to
put Mr. Tracey Smelley on the scene of the alleged
crime. The Sixth Amendment guarantee the Petitioner
right to confrotawitness against him. Petitioner's trial
Counsel strip that right away from Petitioner by failing

to call, or suppress the evidence of Tracey Smelley
as a witness to this alleged crime. Which prosecutor
used against the Petitioner therefore, a failure for
this Honorable Court to not reconjnize Petitioner
Sixth Amendment Right to the United States Consititution
and Art I 10, of the ohio Consititution that this specific,
and guaranteed right was violated and the violation
serious prejudice the Petitioner did and will result
in a fundamental miscarriage of justice.

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☑ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing ~~Att.~~ *Pro - se*

_____

(b) At arraignment and plea *Att. Tom. Zena*

_____

(6)

1.2

AO 241 (Rev. 5/85)

(c) At trial _Tom. Zena_

(d) At sentencing _Tom. Zena_

(e) On appeal _Att. Edward ~~Cooper~~ Czopur_

(f) In any post-conviction proceeding _Pro-se_

(g) On appeal from any adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

(b) Give date and length of the above sentence: _Nov. 5, 2027 / 12½ years_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☑ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Terence Parker_

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_10/15/2018_
(date)

_Terence Parker_

Signature of Petitioner

Terence Parker
#673-669
P.O. Box 57
Marion, Ohio
43301-0057

District Court
1716 Spielbusch
Toledo, Ohio 43624

