UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE W. PARKER, | ) | CASE NO. 4:18CV2496 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Terence W. Parker's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and **DISMISSES** the Petition.

**FACTS**

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

A Mahoning County, Ohio jury found Petitioner guilty of two counts of Robbery, along with one count each of Intimidation of a Witness, Menacing by Stalking and Disrupting Public Service. For these crimes, the trial court sentenced Petitioner to an aggregate sentence of twelve and one-half years. Petitioner appealed and the Ohio Court of Appeals affirmed Petitioner's

conviction and sentence. After a *pro se* appeal, the Supreme Court of Ohio declined jurisdiction. Petitioner also unsuccessfully filed various post-conviction motions with the Ohio Trial Court.

On October 25, 2018, Petitioner mailed his Petition for habeas relief. He asserted two Grounds for Relief:

> **GROUND ONE:** Petitioner's constitutional rights of the 6th and 14th, Section 1 Amendment clauses were violated. The conviction for robbery as contained in counts 4 and 5 were based on manifest weight/insufficient evidence as there was no concurrence between the mental state to commit a theft offense and when he had a weapon and/or threatened to and/or inflicted harm.
>
> **GROUND TWO:** Pursuant to the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Ohio Constitution, a criminal defendant has a right to confront witnesses against him.

(Doc. 1, PageID: 10-13).

On November 2, 2018, the Court referred Petitioner's Petition to Magistrate Judge Thomas M. Parker for a Report and Recommendation. (Doc. 3). On January 3, 2019, Respondent filed his Return of Writ. (Doc. 8). Petitioner filed a Traverse soon after. (Doc. 9). On April 24, 2020, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss each Ground for Relief and deny Petitioner's Petition. (Doc. 12). On May 21, 2020, Petitioner filed his Objection to the Report and Recommendation. (Doc. 13).

## STANDARD OF REVIEW

A habeas petitioner must exhaust State remedies prior to petitioning for a writ of habeas corpus in Federal court. 28 U.S.C. § 2254(b)–(c). Claims not stated before State courts while remedies are available, or before procedural rules prevent State courts from reaching the merits of claims, are procedurally defaulted and a Federal court may not consider them. *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). Absent either cause and prejudice or the potential

to result in a fundamental miscarriage of justice, a Federal court will not reach the merits of claims that have been procedurally defaulted in State court by a State prisoner in his direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

Cause is found when a habeas petitioner demonstrates that "'some objective factor external to the defense' prevented the petitioner's compliance with a State procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice requires the petitioner to demonstrate "that the trial was infected with constitutional error." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006).

Finally, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

In his Objection, Petitioner only objects to the Magistrate Judge's recommendation regarding Ground Two. Therefore, the Court agrees with the Magistrate Judge and dismisses Ground One on its merits and because it raises a noncognizable claim.

In his Recommendation on Ground Two, the Magistrate Judge recommended that the Court dismiss the ground due to procedural default. The Magistrate Judge also found that there was no reason to excuse the procedural default, particularly due to ineffective assistance of counsel or Petitioner's actual innocence. Petitioner objected and argued that he is actually innocent of witness intimidation and that his attorney was ineffective for not calling the witness to testify at trial. Summing up his position, Petitioner argues that he "showed cause, and

prejudice to excuse the default, and fundamental, miscarriage of justice, on ground two[.]" (Doc. 13, PageID: 798).

The Court agrees with the Magistrate Judge. At the outset, the Court notes that the Magistrate Judge discussed both objections Petitioner now asserts. Petitioner does not address the Magistrate Judge's resolution of these issues against him. Despite that omission, Petitioner's attack in Ground Two concerns a Confrontation Clause violation on his conviction for witness intimidation. In his mind, Petitioner could not have intimidated a witness – here, Mr. Smelley – if Mr. Smelley never testified, and thus was never a witness, in trial. But as the Magistrate Judge correctly highlights, Petitioner has not presented any caselaw to support this overarching argument.

Moreover, even if Petitioner meant to bring this claim as one of ineffective assistance of counsel as opposed to a Confrontation Clause violation, his claim would still be procedurally defaulted. He never asserted a claim for ineffective assistance of counsel for failing to call Mr. Smelley to the stand throughout his State case and thus cannot make that claim now.

Finally, the Court agrees with the Magistrate Judge's actual-innocence analysis. (Doc. 12, PageID: 793-94). Petitioner has not presented any new evidence in his Objection. Instead, he relies on a misguided legal argument, rather than one based on the facts. But even if Petitioner were correct on the law (which he is not), a claim of actual innocence means factual innocence and not a mere legal insufficiency. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)).

Therefore, since Petitioner procedurally defaulted the claim presented in Ground Two and there are no sufficient reasons to excuse the default, the Court agrees with the Magistrate Judge and dismisses Ground Two.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Petitioner's Petition (Doc. 1) under 28 U.S.C. § 2254 for Writ of Habeas Corpus on its merits and because it is procedurally defaulted.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**

**Dated: January 3, 2022**